Filed 11/27/13  T.P. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| T.P.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>Respondent;<br><br>STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>Real Party in Interest. | F068050<br><br>(Super. Ct. Nos. 516423, 516424)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Ann Q. Ameral, Judge.

T.P., in pro. per., for Petitioner.

No appearance for Respondent.

John P. Doering, County Counsel, Maria Elena Ratliff, Deputy County Counsel, for Real Party in Interest.

---

[*]    Before Detjen, Acting P.J., Peña, J. and Oakley, J.†

†    Judge of the Superior Court of Madera County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

-ooOoo-

T.P. (mother), in propria persona, seeks an extraordinary writ from the juvenile court's orders issued at a contested 12-month review hearing (Welf. & Inst. Code, § 366.21, subd. (f))[1] terminating her reunification services and setting a section 366.26 hearing as to her six-and four-year-old sons, Nathan and Sebastian, respectively. Mother seeks a continuation of reunification services and return of the children to her custody. We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In February 2012, Nathan and Sebastian's maternal grandmother, Karen, petitioned the San Joaquin County juvenile court for guardianship over then four-year-old Nathan and two-year-old Sebastian. Mother had left the children in Karen's care and Karen claimed mother had been reported to Child Protective Services (CPS) for child abuse and was depressed and suicidal. Karen also stated that the children's fathers were in Mexico.

The juvenile court ordered the San Joaquin County Human Services Agency (SJ agency) to investigate Karen's circumstances and provide an assessment. The SJ agency reported that Karen had an extensive CPS history that resulted in the adoption of two of her children. In addition, Karen had a criminal history that included a conviction for child cruelty. The SJ agency recommended against guardianship and filed a dependency petition on the children's behalf.

The juvenile court adjudged the children dependents under section 300 and, in September 2012, transferred the case to Stanislaus County, mother's county of residence. The Stanislaus County juvenile court (juvenile court) accepted the case and set the dispositional hearing for November 2012. The Stanislaus County Community Services Agency (agency) placed the children together in foster care.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

The agency reported mother had a history of referrals dating back to 2008, including reports that she yelled at the children, left them unattended, and smoked marijuana in their presence. In addition, mother disclosed a history of depression for which she was hospitalized, but did not elaborate. She later revealed that she was seeking treatment for her depression when she left the children with her mother. She was hospitalized for a month and prescribed an antidepressant.

In its report for the dispositional hearing, the agency recommended the juvenile court order a reunification plan for mother that required her to complete a clinical assessment and parenting program, participate in individual counseling and weekly visitation, and submit to random drug testing, if requested. Mother's case plan further required her to complete a substance abuse assessment and follow any recommended treatment if she tested positive for drugs.

In November 2012, the juvenile court approved the proposed reunification plan for mother and denied reunification services for Nathan and Sebastian's fathers. The juvenile court also set the six-month review hearing for the following month.

In December 2012, the juvenile court convened the six-month review hearing but continued it until late January 2013, to hear mother's *Marsden*[2] motion, which it denied.

In its report for the six-month review hearing, the agency advised the juvenile court that mother scheduled initial appointments but was not otherwise participating in her services. In addition, she missed four visits, appeared to lack parenting skills, and the children did not appear distressed when separating from her.

In January 2013, at the six-month review hearing, the juvenile court continued mother's reunification services and set the 12-month review hearing for June 2013. Mother did not appear at the hearing.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

In April 2013, mother informed her social worker that she was approximately six weeks pregnant and expected to deliver in early December 2013.

In early June 2013, mother tested positive for opiates following a visit. She denied abusing drugs and explained she was given Vicodin at the emergency room a few weeks before. Several days later, mother completed an alcohol and drug assessment, again denying any drug abuse. Mother's social worker told her to attend Alcoholics/Narcotics Anonymous meetings for 21 consecutive days after which the agency would authorize another alcohol and drug assessment.

In its report for the 12-month review hearing, the agency reported mother was not compliant with any aspect of her case plan and that she missed at least 13 visits from November 2012 to May 2013. The agency recommended the juvenile court terminate her reunification services.

Mother requested a contested hearing, which the juvenile court set for early July 2013. Meanwhile, mother completed a second alcohol and drug assessment during which she admitted taking Vicodin with an outdated prescription and codeine without a prescription. She disclosed she was not taking any psychotropic medication because of her pregnancy, even though she was increasingly symptomatic. She said she and her doctor were exploring treatment options for her and she was willing to receive treatment for her prescription medication abuse. As a result of the assessment, mother was referred for drug treatment.

In July 2013, at the time set for the 12-month review hearing, the juvenile court continued the hearing, along with mother's services, until September 2013, but warned her it was her last chance. The following day, mother's social worker sent her a letter listing the services she needed to complete along with the names and telephone numbers of the individuals she needed to contact to initiate services.

In late July 2013, mother began intensive outpatient treatment but was terminated from the program in late August for excessive absences. By September 2013, mother

completed the group parenting classes but had yet to begin the individual parenting sessions. In September, she completed a clinical assessment in which the clinician recommended mother complete a psychological evaluation. After the assessment, mother began individual counseling with the same clinician. During this time, she tested negative for drugs and visited the children weekly.

In its report for the continued 12-month review hearing, the agency recommended the juvenile court terminate mother's reunification services and set a section 366.26 hearing. The agency opined that mother had not "effectively engaged in her case plan and demonstrated that she is serious about having her children returned to her care."

In September 2013, on the date set, the juvenile court convened the continued contested 12-month review hearing. Mother, the sole witness, testified she stopped participating in intensive outpatient drug treatment because she did not like to hear about drugs and did not need to be there. She denied being a drug addict or using drugs recreationally. She said she was not willing to further participate in drug treatment.

Mother was questioned about her positive result for an opiate in June 2013. She testified she was treated at the hospital for a bad yeast infection on the day she was drug tested. The doctor gave her Vicodin for pain at the hospital but did not give her a prescription.

Mother further testified she had a two-bedroom apartment where the children could live and she wanted the juvenile court to return them to her custody.

Following argument, the juvenile court found it would be detrimental to return the children to mother's custody and terminated her reunification services. In so ordering, the juvenile court also found mother was provided reasonable reunification services but made minimal progress in her services plan and there was not a substantial probability the children could be returned to her custody if services were continued for another six weeks to reach the 18-month review. Finally, the juvenile court set a section 366.26 hearing to be conducted in January 2014. This petition ensued.

5

## DISCUSSION

Mother does not identify specific orders and findings of the juvenile court she claims are erroneous or set forth legal arguments in her writ petition as required by California Rules of Court, rule 8.452(b) (rule 8.452), which governs the procedures for initiating dependency writ proceedings in this court. Rather, she makes assertions regarding her reunification services, social worker and attorney. In essence, mother contends she sufficiently complied with her services plan to warrant an order continuing reunification services, citing her completion of a parenting program and clinical assessment, and participation in individual counseling. Mother further contends she should not be penalized for not participating in intensive outpatient drug treatment because she did not need it, pointing to her one positive drug test result and lack of drug-related criminal history. She informs this court that she has been "clean" for over 100 days. She also asserts her social worker was biased against her and her attorney did not work with her. She asks this court to direct the juvenile court to return the children to her custody, continue her reunification services and terminate its dependency jurisdiction.

Though mother's petition does not technically comply with the content requirements of rule 8.452, we will liberally construe a petition in favor of its sufficiency in order to determine the petition on the merits. (Rule 8.452(a)(1) & (d).) In this case, we construe the petition as challenging the juvenile court's findings that it would be detrimental to the children to return them to mother's custody, and mother was provided reasonable services, and its order terminating reunification services. We also construe the petition as raising a claim of ineffective assistance of counsel.

### Return of the Children

At the 12-month review hearing, there is a statutory presumption that a dependent child will be returned to parental custody unless the juvenile court finds, by a preponderance of the evidence, that the return of the child would create a substantial risk of detriment to the child's safety, protection or well-being. (§ 366.21, subd. (f).) In

6

assessing detriment, the juvenile court first determines whether the parent regularly participated in his or her court-ordered services and whether the parent made substantive progress. (*Ibid*.) If the parent has not done so, the juvenile court may find prima facie evidence that it would be detrimental to return the child. (*Ibid*.) In other words, the juvenile court may find that it would be detrimental to return the child simply based on the parent's failure to participate and progress in services.

In this case, mother refused to participate in intensive outpatient drug treatment. She argues it was an inappropriate service for her based on what she claims is a negligible history of drug use. However, the reunification plan ordered by the juvenile court at the dispositional hearing required her to complete a substance abuse assessment if she tested positive for drugs. Mother tested positive, was assessed, and was referred for intensive outpatient drug treatment. Mother did not challenge that component of her reunification plan by direct appeal from the juvenile court's dispositional order. Consequently, she assented to the content of the plan and cannot challenge it on her writ petition. (*In re Julie M*. (1999) 69 Cal.App.4th 41, 47.)

Further, though mother participated in certain aspects of her case plan, she did not participate at all in drug treatment. Consequently, prima facie evidence of detriment exists on the record and the juvenile court did not err in not returning the children to mother at the 12-month review hearing.

## Continuation of Reunification Services

Where, as here, the juvenile court cannot safely return a child to parental custody, the juvenile court must set a section 366.26 hearing unless the court finds the parent was not provided reasonable services or there is a substantial probability the child could be returned to the parent on or before the 18-month review hearing. (§ 366.21, subd. (g).)

Mother contends her social worker was biased against her but does not cite any evidence to support her contention. In addition, she does not cite any evidence that the

agency did not satisfy its duty of assisting her in accessing her court-ordered services. Consequently, she failed to show the juvenile court's reasonable services finding is error.

Mother further fails to show, and the record does not support, a finding that there was a substantial probability the children could be returned to mother's custody by the 18-month review hearing, which in this case fell on November 1, 2013. In order to find a substantial probability of return, the juvenile court had to find all of the following: mother regularly visited the children; made significant progress in resolving the problem prompting the children's removal; and demonstrated the capacity and ability to complete the objectives of the case plan and provide for the children's safety, protection and well-being. (§ 366.21, subd. (g)(1).)

In this case, the juvenile court found mother did not make significant progress in resolving the problem prompting the children's removal and did not demonstrate the capacity and ability to complete the objectives of her case plan and provide for their safety in the six weeks before the 18-month review hearing. We conclude substantial evidence supports the juvenile court's findings. The record strongly suggests mother abuses prescription medication. In addition, she refused to participate in drug treatment. Under the circumstances, there was no reason to believe mother could or would be able to safely parent the children in the short time remaining for reunification.

**Ineffective Assistance of Counsel**

A petitioner asserting ineffectiveness of counsel must prove trial counsel's performance was deficient, resulting in prejudicial error. (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1667-1668.) We need not evaluate counsel's performance if petitioner fails to prove prejudicial error; i.e., absent counsel's errors, there is a reasonable probability of a more favorable outcome. (*In re Nada R.* (2001) 89 Cal.App.4th 1166, 1180.) Therefore, to prevail on a claim that her attorney was ineffective, mother would have to identify the specific acts that rendered her attorney ineffective and show that but for those acts the juvenile court would have ruled in her favor.

In this case, mother merely asserts her attorney "did not work for her" without specifying how counsel was ineffective. Consequently, she failed to meet her burden of demonstrating the ineffectiveness of counsel. Further, we found substantial evidence to support the juvenile court's decisions not to return the children and to terminate mother's reunification services and set a section 366.26 hearing.

Having affirmed the juvenile court's decisions not to return the children to mother's custody and to terminate reunification efforts, we need not address mother's contention that the juvenile court erred in retaining jurisdiction over the children. We find no error on this record.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.